IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| X2Y ATTENUATORS, LLC, | ) |
| Plaintiff, | ) Civil Action Nos. 11-117E *and* |
| | ) 11-218E |
| v. | ) |
| | ) Judge Cathy Bissoon |
| INTEL CORPORATION, *et al.*, | ) |
| Defendants. | ) |

## ORDER[1]

Defendants' Motions to Dismiss under Federal Rule 41(b) will be granted, and Plaintiff's Motions to reopen will be denied as moot.

In determining whether to dismiss these cases for failure to prosecute, the Court considers: (1) the extent of Plaintiff's personal responsibility; (2) prejudice to Defendants; (3) Plaintiff's history of dilatoriness; (4) whether Plaintiff's conduct was willful or in bad faith, as opposed to excusable neglect; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of Plaintiff's claims. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

As was true regarding the patent-venue decision in 17-164E, the Court does not believe this to be a close case. As to personal responsibility, Plaintiff's arguments do not pass the "smell-test." Although counsel references complicated-scenarios regarding Plaintiff's need to renegotiate contracts in order to retain new counsel, before it could move to reopen, its explanations are too inwardly-focused, and beg too much forgiveness.

---

[1] Although the parties' Motion papers have been filed under seal, the Court is convinced that no confidential information is revealed in this Order. Accordingly, the filing has been made on the public docket.

Even accepting Plaintiff's version of events, its reasoning would permit an indefinite delay, of any duration, so long as it plausibly could claim to have been "working hard" to clear self-identified obstacles. Plaintiff admits – as it must – to having delayed its request to reopen for nearly three years since the ITC proceedings ended; and six years since the lawsuits initially were filed. And, while the Court reasonably might accept Plaintiff's explanations for a lesser duration, the three- (or six-) year delay, under the circumstances, proves too much. Defendants had no control over Plaintiff's machinations – nor were they even awareness of their existence – and Plaintiff's explanations, all these years later, should hardly assuage Defendants, in terms of their reasonable expectations and resulting-prejudice to their ability to defend. Were the Court to accept even a fraction of Defendants' assertions, regarding Plaintiff's other pre- and post-suit delays (whether tactical or otherwise), the determination would be all the more obvious. In any event, Plaintiff has not convincingly explained-away its personal responsibility in occasioning the years-long delay.[2]

As to prejudice, Defendants convincingly have shown theirs to have been substantial, and the Court incorporates their arguments and evidence as if fully restated. Regarding Plaintiff's state of mind, although the Court is not prepared to say that it acted willfully or in bad faith, it certainly would not characterize the delay as excusable. Regarding alternative sanctions, the Court agrees with Defendants that none other than dismissal would be effective and/or appropriate. Although Plaintiff focuses on whether it engaged in sanctionable-behavior –

---

[2] Given the sophistication of the parties, and the putative-liability at stake, Plaintiff had no reasonable expectation that its efforts ultimately would be deemed sufficient. At some point during the months and years of delay, Plaintiff should have appreciated that its chosen-course was problematical, and that solutions were required and/or that alternatives needed to be considered. That Defendants, the whole time, remained completely in the dark only exacerbated the risk; as, with the passage of time, so too increased the obvious likelihood of prejudice.

and highlights that none of its prior conduct was sanctioned – this does not answer the question at hand, namely, what should be the consequence(s) of the years-long delay. No effective alternative has been identified, and the Court agrees with Defendants that dismissal is appropriate.

The final consideration is the meritoriousness of Plaintiff's claims. Although the Court need not take quite as dim a view of Plaintiff's claims as Defendants, Plaintiff – again – cannot ignore the objective realities. By mutual agreement, the parties' embarked on a three-year course of intensive litigation before the ITC, and Plaintiff lost. Plaintiff appealed the unfavorable decision to the Court of Appeals for the Federal Circuit, again to no avail. No matter how early and often Plaintiff may have declared and/or insinuated, "all rights reserved,"[3] the meritoriousness factor cannot, under the circumstances, be viewed as favoring Plaintiff.

In sum, the Court concludes that a dismissal under Rule 41(b)/Poulis is warranted. This result – too – is consistent with the general interests of finality, and promoting litigants' reasonable expectations (in this case, regarding litigation that, by all available indications, appeared to have ended long-ago). Cf. Anderson v. X.H. Aponte, 2017 WL 3047885, *6 (C.D. Cal. May 22, 2017) (acknowledging interconnectedness between Rule 41(b) dismissals and "the [d]efendants['] the Court['s], and the public['s] deserv[ing] finality"); King v. Garrett, 1998 WL 483008, *1 (9th Cir. Aug. 12, 1998) (affirming dismissal under Rule 41(b), in recognition of "the defendant's right to eventual repose"). Litigation, as all things, eventually must come to an end; and, under the circumstances presented, that time is now.

---

[3] Cf. generally Compl. in 17-164E (Doc. 1, therein) at ¶ 7 (indicating that Plaintiff chose to "streamline[]" the ITC litigation by eliminating certain of its patent-claims, and positing that "many of the strongest claims . . . were ultimately not asserted [in the ITC proceeding] because of practical considerations").

Consistent with the foregoing, Defendants' Motions to Dismiss (**Doc. 35** in **11-117E**; and **Doc. 37** in **11-218E**) are **GRANTED**; and Plaintiff's Motions to reopen (**Doc. 14** in **11-117E**; and **Doc. 17** in **11-218E**) are **DENIED AS MOOT**.

IT IS SO ORDERED.


July 13, 2018                                s\Cathy Bissoon
                                             Cathy Bissoon
                                             United States District Judge

cc (via ECF email notification):

All Counsel of Record